We'll turn to FDIC versus Deutsche Bank Securities. Good afternoon, and may it please the Court. I'm Scott Watson. I'm here today on behalf of two FDIC as receiver for two failed federally insured banks, and this case does not come to the Court on a blank slate. Is there anything to talk about this afternoon? I mean, FDIC and Horizon, same issue. We're bound by that. We believe that's correct, Your Honor. And FDIC-Horizon is up for the Supreme Court on a cert petition. We don't know whether we'll take it or not, but that's, it's, I mean, it's the law of the circuit. That's exactly our position, that all of the issues and all of the arguments raised by the defendants in this case are foreclosed by First Horizon, and that its holding binds this Court, and that there really isn't an issue, a live issue to present to the Court today. Why don't you let opposing counsel argue the other side, and we'll give you this time so you will have an opportunity to respond, since we know the basic argument that you've got, that we're bound by this other case. I suppose what we want to know from opposing counsel is why maybe we're not bound by it, if that's the case. But if he agrees with you that we're bound by it, then we can bid you adieu and thank you very much for coming. Thank you, Your Honor. I'll reserve my time. Thank you. Mr. Frankel? Thank you, Your Honor. Andy Frankel for Appellees. Are we bound by this? Well, of course the Court is bound by prior panel decisions, but we submit that there are at least two glaring significant errors from the First Horizon decision that the Court, at least with this panel, at least ought to consider in deciding how to dispose of the appeal, whether by way of summary order, whether the Court decides to write separately to explain this issue. And it's not just the Supreme Court. This very issue is squarely presented in the Court on an appeal in ten days in an FHFA case. There are tens of billions of dollars in securities claims in this circuit. And so we think that there's an institutional interest, why this Court at least ought to consider what we believe are two significant errors. And if I could address that and then return. Two significant errors where? The first relates to... In First Horizon? Yes, in First Horizon. I thought there were a bunch of them. No, no, no. I'm not here to re-argue every point. There are two significant... And we agree with you, Your Honor. I wrote the dissent. I understand, Your Honor. But let me just address two issues, okay? One relates to the way the Court dealt with the presumption against implied repeal. And you need to go back to UBS. The UBS Court, to which First Horizon said it was bound, determined that when Congress used the term statute of limitations, it meant that as a catch-all to encompass both statute of limitations and statute of repose. All that's in First Horizon. But First Horizon reached a very different statutory analysis. What First Horizon said is, no, Congress actually... We understand all the same textual features from CTS apply to the extender statute. But what we're saying, the First Horizon panel, the majority, is that, you know what? Congress actually did mean what they said when they referred to statute of limitations. That's very different. In other words, that there was a new statute of limitations. They were not referring to statute of repose. And that impliedly over-displaces all statutes of repose. It might seem like a subtle distinction, two approaches to reach the same result, but it's actually very significant. It's critically important. Where are you going with this argument? We can't overturn First Horizons. I understand that. We're bound by it. I understand that. All of this was hashed out in some detail in First Horizons. Well, some of the issues weren't hashed out. I mean, on this issue, the issue of... I mean, what First Horizon did on implied repeal was say, we're bound by UBS, okay? The Supreme Court didn't address implied repeal. And UBS, the same arguments, some of them, Your Honor, made in dissent, could have been made in UBS. But UBS, by concluding that Congress determined to use these terms as a catch-all, that was more of an express repeal. UBS didn't address the issue of implied repeals at all. But what the First Horizon panel concluded is that since Congress actually did mean what it said, we're going to imply, we're going to infer that there was no room for statute of repose. That's the essence of implied repeal. And the First Horizon majority didn't suggest otherwise. They didn't say there's no implied repeal. They didn't suggest that Congress use sufficiently clear language to overcome the presumption against implied repeals. So what we're suggesting, Your Honor, is that there are a couple other issues I want to just touch on that weren't really squarely addressed by the First Horizon court. And we believe this court ought to take that into account in determining whether to write separately on this issue. I mean, a mini en banc is a possible way to correct errors. There could be a rehearing petition down the road. But there's no dispute that the presumption against implied repeals... Do you argue that First Horizon was in error? Absolutely, Your Honor. Absolutely. En banc review was denied in that case. I understand, Your Honor. But all of these issues weren't squarely before the court. And these are issues that are before this panel. It's the ruling that gives you, that dooms your appeal. We understand. We understand, Your Honor. But this court, there's nothing that requires this court to just issue a summary order and say that's it. We understand that there are errors in the ruling. We're just going to live with it. I mean, the court can issue a decision and that might have practical ramifications in terms of this case or other cases. If we wrote on every case that our prior panels have decided that we don't agree with, we'd never go home. I understand that. But there were, in addition though, Your Honor, I mean, another reason why this panel might write here is because there were some arguments that were raised in this court, that this court is addressing on the merits, that weren't directly raised and briefed in the First Horizon panel. So there might be reason to address them. We talk about the Federal Tort Claims Act cases, for example, and those are significant because Congress . . . Judge Cabranes, as you explained in the IndyMac case, and this court is . . . Let me get into this. As this court has explained many times, when Congress extinguishes or extends a statute of repose, that changes the nature of the underlying action. That's what your holding was in IndyMac. DeKalb County, it came out a couple of weeks before the First Horizon decision. Stoltz. So the notion that Congress intended to expand the FDIC's rights as receiver is fundamentally at odds with the whole way receivership works, where the FDIC stands in the shoes of the receiver. This issue wasn't addressed in First Horizon. That's why the Federal Tort Claims Act, that we argue is significant, are really instructive. Just like in the FDIC receivership context, cases against the United States are decided by reference to state law, state tort law. When the shoe is on the other foot, and there's a federal statute of limitations, a two-year statute of limitations, when the shoe is on the other foot, the government argues that even though there's a federal statute of limitations, the plaintiff has to comply with both that statute and the underlying statute of repose, because statutes of repose are different, just like your Honor held in IndyMac and in Stoltz and in DeKalb. These issues were not addressed by the court. And by the way, the government not only takes that position, that when they're a defendant, that statute of limitations and statute of repose are fundamentally different. Virtually every circuit court has agreed with them on this issue. The 4th, 5th, 6th, 7th, 11th circuits have all agreed with them. The second error I'd like to just raise briefly, Your Honor, is the fact that First Horizon, and this was not addressed at all in First Horizon. First Horizon held that it was bound by the UBS court's determination that because of the broad mandatory language in the extender statute, shall be any action by the FDIC, that that indicated an implied intent to preempt, broadly, any time limitation. That reasoning is directly contrary to U.S. v. Wang, which this court is bound by and which wasn't addressed in First Horizon. I agree with everything you've said. What do you want us to do? We would like, Your Honors, to... You want us to overrule First Horizons. One option, one option. I'd love to do that. It's not going away, Mr. Frankl. I understand that, Your Honor. One option, as I said, is I pointed out two significant errors that weren't addressed in the First Horizon decision that conflict squarely with Supreme Court precedent. This court can say we're bound, we're bound, but this is an issue that the court ought to take a fresh look at. Mini en banc is another way to address errors that were overlooked. In First Horizon, you're obviously following the fate of First Horizon with care. The cert petition is pending? It is, Your Honor. And do we have any idea, in the general rhythm of things, when the court would act on when we can expect an order list which would include First Horizon? Probably not that long. There hasn't been a responsive brief, and then there would be... When was cert sought? Do you remember? The brief was followed about a month ago. So probably in the first quarter, towards the end of the first quarter of the new year. One thing you might want, I suppose, is that we simply stay the mandate and wait for the Supreme Court decision. We would want that, Your Honor, and we would appreciate that. But what I'm saying, in addition to that... No, I understand what you've been saying in response to Judge Parker's questions. But I suppose one other solution that you might find satisfactory or helpful would be that we simply not decide this case until then, until we've heard from the Supreme Court. That's certainly... And let me just close by saying, you know, the Supreme Court has referred to this court as the mother court of securities law. And there are very important ramifications that speak directly to the issues of statute of repose. And we believe, we've pointed out, two very sizable errors in the First Horizon decision, regardless of whether the Supreme Court grants cert, which is always an uphill battle, that there's an institutional policy concern that this court ought not, particularly given the way the same issue is arising, billions of dollars in claims. And by the way, the statute of repose is intended to address not just stale claims, but the securities markets, stability, certainty to issuers and underwriters. Despite all the Election Day coverage, not a week goes by when there isn't an article in the financial press around the globe about the uncertainty and instability relating to the claims against these defendants as a result of the claims brought by these government agencies. And by the way, the damages claims are all driven not by any losses, not by actual losses, but by delay. It's prejudgment interest is the basis for these claims. The argument that I alluded to earlier, in 10 days, this court's going to hear the FHFA appeal involving Nomura. Fannie Mae and Freddie Mac received an $800 million verdict in a case brought by the FHFA after the statute of repose in a bench trial that's under review. Are you talking about Nomura? Nomura. Fannie Mae and Freddie Mac lost virtually nothing from its investment. The $800 million is made up entirely of prejudgment interest, and a big chunk of that is due to the delay, the three-year delay. And I could go on, but there are very important policy and systemic reasons that we think. These are all arguments for the Supreme Court, and one should do an amicus brief there on the circuits. We would ask the court at least to take these arguments into account in deciding. Thanks, Mr. Potter. Thank you. Yeah. And, Mr. Watson, you want to take a minute or two to just comment on this? I hope it doesn't take that long, because I won't take the court's time to rebut arguments asking you to overrule First Horizon. That's fine. There were two pieces of information that I wanted to share. The first is we work with the Solicitor General on responses to petitions for cert, and it's my understanding that the petitioners and the Solicitor General have spoken about what kind of extensions that they think are likely, and the goal is to have this briefed to the Supreme Court for the conference schedule in January. So that's my understanding of the expected goal of having this fully briefed to the Supreme Court by that time on the petition. And the only other thing I wanted to say is that my friend, he appeared to imply that the government takes different positions on the statute of limitations here, and I did just want to point out something important. The Solicitor General in the CTS decision took the position that that statute only addressed statutes of limitations and in the same brief explained why the FDIC's statute also addresses statutes of repose. So the Solicitor General has been perfectly consistent and then opposed certiorari twice, and cert's been denied twice on the very issue in First Horizon. So I don't think the government has taken inconsistent positions at all, and we respectfully ask that you reverse and remand. Thank you. Thank you.